UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WENDY CHISHOLM | CIVIL ACTION |
| VERSUS | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA | NO.: 18-00728-BAJ-RLB |

## ORDER

This matter comes before the Court on Plaintiff's **Motion to Vacate Order**. **(Doc. 34)**. Plaintiff's motion seeks to vacate this Court's prior order, (Doc. 30), allowing the documents identified as Doc. 28-4 to be filed into the record of this matter as part of the Administrative Record and granting Defendant's Motion to Complete the Administrative Record (Doc. 28). Plaintiff claims that she was prejudiced because she was not able to address the "missing" documents in briefing the pending cross motions for summary judgment. (Doc. 35). Defendant opposes Plaintiff's motion to vacate. (Doc. 39). For the following reasons, Plaintiff's motion is **DENIED**.

The original omission of the documents found at Doc. 28-4 from the Administrative Record (Doc. 16), was due to an inadvertent clerical error. (Doc. 28, 39). The Administrative Record (Doc. 16), was filed into the record almost five months before the parties filed cross motions for summary judgment. (Doc. 20, 22). During this five-month period, no motion was brought before the Court regarding the missing documents. It was not until Plaintiff mentioned the clerical error in her briefing on summary judgment (Doc. 22-1, at p. 14), that Defendant noticed the inadvertent

1

clerical error and brought a motion to cure the error (Doc. 28), which was granted, (Doc. 30).

The subject documents, which included the vocational rehabilitation report of Ms. Rupnik, were Bates numbered and available to all parties. The documents were also a part of the Administrative Record and have always been a part of the record; however, they were inadvertently missing from the record documents. (Doc. 28-1, at p. 1; Doc. 39, at p. 3). *See Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 521 (5th Cir. 2000) (the administrative record consists of information available to the administrator prior to the filing of the lawsuit and gives the administrator an opportunity to consider it). A cursory review of the Administrative Record reveals the omission in the Bates numbers of the documents at Doc. 16-2. It is clear to the Court that there was a mere clerical error in the filing and that Defendant simply attempted to cure the error. The Court acknowledges Plaintiff's objections to the amendment of the Administrative Record, (Doc. 35); however, the Court does not find good cause to vacate its Order to allow for the amendment to the Administrative Record to account for the missing documents.

Further, the Court notes that Plaintiff's argument that she was prejudiced in briefing the pending cross motions for summary judgment due to the "missing" documents falls flat. Plaintiff provides no evidence that she did not otherwise have possession of the documents or attempted to obtain the documents at issue prior to filing her motion. Defendant points out that Plaintiff "had a copy of this report for well over a year in advance of instituting this action". (Doc. 28-1, at p. 3).

2

Additionally, Plaintiff addresses Ms. Rupnik's report and the missing documents in briefing on the pending motions for summary judgment and cites to the Rupnik report in her Complaint. (Doc. 35, at p. 2; Doc. 1, ¶ 32).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Vacate Order, (Doc. 34), is **DENIED** with prejudice.

Baton Rouge, Louisiana, this 30th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**